EDWARD A. HAVEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16165. Promulgated March 23, 1949.

*Thomas J. McManus, Esq.*, for the petitioner.
*George C. Lea, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: Section 23 (x) of the Internal Revenue Code [1] permits the deduction from gross income of expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent, to the extent that such expenses are in excess of 5 per cent of the adjusted gross income, with certain limitations not here applicable.

Like most statutes, section 23 (x) is stated in broad and comprehensive terms. The Commissioner's regulations are more detailed and specific. Whether a given deduction falls within the favor of the section is largely a matter of definition and the ascertainment of Congressional intent.

The section was first inserted by the Senate Finance Committee in the Revenue Bill of 1942. In its Report No. 1631 (C. B. 1942-2, pp. 576-577) the committee stated, in part, as follows:

The term "medical care" is broadly defined to include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body. It is not intended, however, that a deduction should be allowed for any expense that is not incurred primarily for the prevention or alleviation of a physical or mental defect or illness.

By section 29.23 (x)-1 of Regulations 111, it is provided:

* * * Allowable deductions under section 23 (x) will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or metal defect or illness. Thus, payments for expenses for hospital, nursing * * * and for ambulance hire and travel primarily for and essential to the rendition of the medical services or to the prevention or alleviation of a physical or mental defect or illness, are deductible.

In approaching this question it is necessary to have in mind the basic concept of section 24 (a) (1) of the code that personal, living, and family expenses are not deductible. Thus, many expenses, such as the cost of vacations, though undoubtedly highly and directly

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

*      *      *      *      *      *      *

(x) MEDICAL, DENTAL, ETC., EXPENSES.—Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25 (b) (3), to the extent that such expenses exceed 5 per centum of the adjusted gross income. If only one surtax exemption is allowed under section 25 (b) for the taxable year, the maximum deduction for the taxable year shall be not in excess of $1,250. If more than one surtax exemption is so allowed, the maximum deduction shall be not in excess of $2,500. The term "medical care", as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance).

beneficial to the general health, or athletic club expenses by means of which an individual keeps physically fit, are not deductible because they fall within the category of personal or living expenses. To be deductible as medical expense, there must be a direct or proximate relation between the expense and the diagnosis, cure, mitigation, treatment, or prevention of disease or the expense must have been incurred for the purpose of affecting some structure or function of the body.

In determining allowability, many factors must be considered. Consideration should be accorded the motive or purpose of the taxpayer, but such factor is not alone determinative. To accord it conclusive weight would make nugatory the prohibition against allowing personal, living, or family expenses. Thus also it is important to inquire as to the origin of the expense. Was it incurred at the direction or suggestion of a physician; did the treatment bear directly on the physical condition in question; did the treatment bear such a direct or proximate therapeutic relation to the bodily condition as to justify a reasonable belief the same would be efficacious; was the treatment so proximate in time to the onset or recurrence of the disease or condition as to make one the true occasion of the other, thus eliminating expense incurred for general, as contrasted with some specific, physical improvement?

In the present case deduction is asked of expenses of travel to and maintenance at two resort hotels in New Jersey and a resort ranch in Arizona. Although the physician advised the trips, the record does not specifically link the treatment of coronary occlusion with a change of climate. The generally accepted treatment is restricted activity, rest, and the proper use of certain drugs. During her absence from Pittsburgh, while staying at the New Jersey hotels and at the Arizona ranch, petitioner's wife was not under the care of a physician. In fact, the record is barren of evidence that in 1945 she required the care of a physician in any substantial amount while at home in Pittsburgh. The coronary occlusion occurred in 1943. She has been restricted in activity since that time, but has suffered no further attacks. The infarction of the lung had entirely healed.

We do not question the fact that the trips may have been beneficial to petitioner's wife. There can be no question that carefully chosen changes of climate are beneficial to most persons, or that vacations at appropriate resorts are desirable and conducive to better health. The record fails to show, however, that the benefit derived by the wife was in any respect different from that enjoyed by any vacationer at the same resorts at the same time. Nor is it shown that the change in climate served to cure or alleviate her existing heart condition. Certainly it will not be contended that Congress intended that the

Government, by tax deduction, was to assist in financing trips that should be characterized as vacation trips.

We consider it significant, though not conclusive, that in their travels petitioner and his wife did not visit sanitariums or similar establishments equipped to render therapeutic aid. At no time during these trips were medical services sought by the wife. The record shows that, albeit petitioner testified he did not take pleasure trips, he nonetheless had been to Atlantic City on various occasions and had visited Arizona for periods of from two to four weeks in 1937, 1939, 1940, and 1941, all of which trips were admittedly taken for vacation purposes. In many aspects the trip to Arizona in 1945 appears to have been a resumption of petitioner's former vacation program.

It is also significant that a period of more than 20 months elapsed between the onset of the disease in question and the first of the 3 trips taken by petitioner and his wife. Although it was testified that the first trip to New Jersey was to obtain relief from the humid months of July and August, they returned from Spring Lake, New Jersey, late in July and spent the remainder of that month and the whole month of August in Pittsburgh. No convincing explanation was advanced to account for the trip to Atlantic City, where they remained for 10 days. It was but a month thereafter, on November 20, 1945, that we find petitioner and his wife at the Remuda Ranch in Arizona, where they remained until December 31. Why this latter period was selected, rather than the more severe winter period which could reasonably have been anticipated in Pittsburgh after January 1, does not appear.

It seems clear to us that the deduction in question may be claimed only where there is a health or body condition coming within the statutory concept and where the expense was *incurred primarily* for the prevention or alleviation of such condition. An incidental benefit is not enough.

On the entire record, we are not convinced that the travel in connection with which petitioner sustained the expense he seeks to deduct was incurred primarily for the cure, prevention, or alleviation of a disease or physical condition within the meaning of section 23 (x) of the code as amended.

The reliance which petitioner places on an unpublished ruling of the Commissioner in which he allowed travel expenses from New York to Miami, Florida, in a case where the patient was a sufferer from hay fever is clearly misplaced. The facts of that case, the nature of the disease, and the proven effect of the climate thereon readily distinguish that case from the present.

Reviewed by the Court.

*Decision will be entered under Rule 50.*