Martin W. and Mabel M. Keller v. Commissioner.
Martin W. & Keller v. Commissioner
Docket No. 17932.
United States Tax Court
1949 Tax Ct. Memo LEXIS 120; 8 T.C.M. (CCH) 685; T.C.M. (RIA) 49185; August 1, 1949
*120 Disallowance of $608.69, claimed as a deduction for medical care for petitioners, husband and wife, approved for lack of evidence. Martin W. Keller, pro se. Sheldon V. Ekman, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The Commissioner determined a deficiency in income tax [1] for the year 1944, of which petitioners allege the amount of $304.35 is in controversy. The only question involved is the deductibility of the amount of $608.69 as expense for medical care under section 23 (X) of the Internal Revenue Code. [The Facts] The petitioners are husband and wife. Their legal residence is at Kenwood Station, Oneida, New York. Martin K. Keller, hereinafter referred to as the petitioner, testified that his wife fell in the basement of their home in the fall of 1943, resulting in torn ligaments, which confined her to her bed for about two months; that in February 1944, she became ill with pneumonia from *121 which she recovered so that she was able to be up and about; that she did not require any hospital or sanitarium treatment; that because of her general run down physical condition her doctor suggested a removal from the changeable, cold and damp climate of central New York to a warm and stable climate; that they first considered going to Arizona or California but decided upon Florida; that petitioner's wife needed some person to go with her, and that he, petitioner, therefore, accompanied her to Florida. He testified further that he also accompanied her and remained with her in Florida because of his own physical condition and need for rest; that he had had a series of X-ray pictures taken in 1943 by a Dr. Childs of Syracuse, New York, for which he was charged $40; that he had been advised, because of his physical condition, by Dr. Reifenstein, also of Syracuse, to get away from his home, environment, and employment; that he and his wife were in southern Florida from March 20th or 21st to the first week in May 1944; that neither received medical attention while in Florida, and that an amount of $608.69 was spent for transportation and rental of a cottage at Pompano Beach, Florida. *122 The petitioners also spent some time in Florida in 1945 and in 1946, but had not been there prior to 1944. [Opinion] The petitioner claims that the amount of $608.69 incurred for railroad fare and cottage rental while in Florida in 1944 is allowable as a deduction under section 23 (X) of the Internal Revenue Code as expenses paid during the taxable year for "medical care." "Medical care" is defined in section 23 (X) as follows: "* * * The term 'medical care', as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance)." In Edward A. Havey, 12 T.C. 409, this Court stated, in part, as follows: "To be deductible as medical expense, there must be a direct or proximate relation between the expense and the diagnosis, cure, mitigation, treatment, or prevention of disease or the expense must have been incurred for the purpose of affecting some structure or function of the body. * * *
"It seems clear to us that the deduction in question may be *123 claimed only where there is a health or body condition coming within the statutory concept and where the expense was incurred primarily for the prevention or alleviation of such condition. An incidental benefit is not enough." The evidence adduced would not support a finding that the expense was directly or proximately related to, or primarily incurred for, the cure, mitigation or treatment of a particular disease or defect. "Amounts expended for the preservation of general health or for the alleviation of physical or mental discomfort which is unrelated to some particular disease or defect" are not within the statutory definition of "medical care." L. Keever Stringham, 12 T.C. 580 (April 15, 1949). The record made is very unsatisfactory. The only testimony given was that of petitioner. No evidence was adduced in substantiation thereof. Although petitioner testified that the "doctor" who attended his wife suggested that she go to Arizona, California or Florida, the identity of the doctor or his qualifications were not disclosed. The record indicates that the suggestion was made by one stated to be an authorized Christian Science practitioner in New Hartford, New *124 York. There is no evidence that petitioner's wife was attended at any time by a licensed and practicing physician. An exhibit, a photostatic copy of a letter purportedly signed by Edward C. Reifenstein, M.D., of Syracuse, New York, attached to the amended petition in substantiation of the allegation that the trip to Florida was advised, discloses that after a diet given to petitioner for ulcer of the stomach did not improve his condition, it was then decided that petitioner should have a complete rest, "which advice the patient followed by going to Florida." A taxpayer seeking a deduction must show that he comes within the terms of the statute relied upon. New Colonial Ice Co., v. Helvering, 292 U.S. 435. This the petitioner has failed to do. Therefore, the disallowance of the claimed deduction of $608.69 as expenses for medical care must be approved. Since the record contains no copy of the notice of deficiency nor testimony as to the exact amount thereof, it will be necessary that decision be entered under Rule 50. Decision will be entered under Rule 50. Footnotes
1. In his brief, respondent states the amount of the deficiency in income tax is $441.35. No copy of the notice of deficiency was attached to the petition as required by Rule 6 of this Court.↩