JOHN J. THOENE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
JOHN J. THOENE AND HELEN THOENE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 67095, 71096, 71097. Filed October 21, 1959.

*Morris Hutter, Esq.,* for the petitioners.
*Herbert Rothenberg, Esq.,* for the respondent.

MULRONEY, *Judge:* Respondent determined deficiencies in petitioners' income tax of $353.28 for the year 1953, $553.34 for the year 1954, and $522.19 for the year 1955.

The single question in these consolidated cases is whether petitioner John J. Thoene is entitled to medical deductions for amounts expended in the years in question for dance lessons.

FINDINGS OF FACT.

John J. Thoene, hereinafter called petitioner, filed individual income tax returns for the years 1953 and 1954 and a joint return with his wife, Helen, for 1955, with the district director of internal revenue at

---

[3] Income Tax Regs., sec. 1.105-4(a)(5).
[4] Rev. Rul. 55-85, 1955-1 C.B. 15.
[5] See Income Tax Regs., sec. 1.105-4(b).

Brooklyn, New York. Petitioner is 38 years of age and during the years in question was employed as an assistant projects engineer for a construction company in New York City. In September of 1952 he consulted his personal physician about a nervous condition and was referred to a psychiatrist for diagnosis and treatment. Psychiatric testing disclosed that petitioner had a definite emotional disturbance and as a part of the treatment of this condition the psychiatrist recommended that petitioner engage in activities which would bring him into contact with groups of people in a social environment. In addition to the recommended "socialization" the psychiatrist began treatment of his condition with insulin and barbital injections and controlled "group therapy" projects.

In February of 1953 petitioner again consulted his personal physician and was referred to a surgeon for operative repair of two hernias. On February 27, 1953, he underwent surgery for incisional and inguinal hernias. This was the fourth abdominal operation which had been performed on petitioner in his lifetime. He remained in the hospital for about 2 weeks and on his release again placed himself under the care of his personal physician. After the operation petitioner had difficulty in walking and in standing erect because of the postoperative weakness of his abdominal and leg muscles. His mental attitude deteriorated and he refused to return to work. His doctor persuaded him to go back to work, advised him that mild exercise would be beneficial to strengthen his abdominal muscles, and specifically recommended dancing and table tennis as acceptable forms of exercise for one in his condition. At the same time his psychiatrist urged him to participate in social activities and agreed that his enrollment in a dance studio with its attendant social life would be beneficial.

In May 1953, petitioner, who had never danced before, enrolled in a dance studio and expended $2,376.52 for dance lessons in 1953; $5,102.36 for dance lessons in 1954; and $2,226.34 for dance lessons in 1955. It should be stated that the expenditures in each year were for hours of dance instructions extending into subsequent years. In all, petitioner purchased 1,677 hours of dance instructions by his three payments and he used 165 hours in 1953, 283 hours in 1954, and 306 hours in 1955. In his income tax returns for the years in question, petitioner treated his expenditures in each year for dance lessons as medical expenses and included portions of such sums along with amounts paid for drugs and medicines and amounts paid to doctors and hospitals in computing his medical deductions for said years. Petitioner claimed, and respondent disallowed, the following amounts expended for dance lessons: $370 in 1953, $1,270 in 1954, and $2,428 in 1955. In his petitions in the three dockets, petitioner asserts error

in such disallowance and in respondent's failing to allow the maximum medical deduction allowed by law for 1953 and 1954 ($1,250 for 1953 and $2,500 for 1954) and to the full extent of his expenditures for dance lessons in 1955 (when the maximum deduction allowed by law would have been $10,000).

## OPINION.

Section 23(x) of the Internal Revenue Code of 1939 and section 213 of the Internal Revenue Code of 1954 provide for the allowance of deductions for expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care. Both statutes define "medical care" as meaning amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body." Sec. 23(x), I.R.C. 1939, and sec. 213(e)(1)(A), I.R.C. 1954.

Petitioner contends that because the dancing was recommended by his physician to alleviate postoperative stiffness of his abdominal and leg muscles and because this suggestion was concurred in by his psychiatrist, the amounts he spent for dance lessons are deductible as expenditures for "medical care" within the meaning of section 23(x) of the Internal Revenue Code of 1939 and section 213 of the Internal Revenue Code of 1954.

Although the Code provisions and Commissioner's regulations[1] thereunder are broadly worded, we cannot believe that Congress intended to have such things as dancing instruction included within the scope of the medical deduction.

In *John L. Seymour*, 14 T.C. 1111, 1117, this Court said:

To be allowable, the expense must come within the statute. The statute deals with "expenses paid for medical care of the taxpayer." *Not every expenditure prescribed by a physician is to be catalogued under this term*, nor is every expense that may be incurred for the physical comfort of a party a medical expense. * * * [Footnote 1 omitted. Emphasis added.]

In *Edward A. Havey*, 12 T.C. 409, where taxpayer's wife suffered from a coronary occlusion, we held the costs of doctor-recommended trips to the seashore in the summer and Arizona in the winter did not constitute expenditure for "medical care." There we said:

In approaching this question it is necessary to have in mind the basic concept of section 24(a)(1) of the code that personal, living, and family expenses are not deductible. * * *

It must be admitted that the cost of dance lessons would normally be considered a "personal" expense and thus not deductible under the

---

[1] Regulations adopted under the medical deduction statutes of 1939 and 1954 Codes are substantially the same. See Regs. 118, sec. 39.23(x)–1(d)(1), and Income Tax Regs., sec. 1.213–1(e)(1).

express provisions of section 24(a)(1), I.R.C. 1939, and section 262, I.R.C. 1954. We said in *Edward A. Havey, supra*, that Congress did not intend "that the Government, by tax deduction, was to assist in financing trips that should be characterized as vacation trips." So, too, we think it can be said here that dance lessons would not constitute medical care within the intendment of the statute.

The fact that dancing was included in the list of activities, along with table tennis, recommended by the medical doctor, and included in the list of activities, along with community activities and church work, which the psychiatrist felt would be beneficial, does not mean the dance lessons can be characterized as medical care. Actually, what the doctors were recommending were purely personal activities. Postoperative mild exercise activity and engagement in social activity. The fact that petitioner secured both activities in the dancing studio does not mean the activities can be characterized as anything but personal in nature. The instructresses in the dance studio had no training in physical or psychiatric therapy. The fact that the dance lessons were beneficial to petitioner is not determinative of the issue. Conceivably the same benefits might have been derived from petitioner's taking up golf and participating in the social activity of a country club but it could hardly be argued the expenditures therefor would be deductible as medical care.

It is not at all unusual for doctors to recommend to a patient a course of personal conduct and personal activity which, if pursued, will result in health benefits to the patient, but the expenses therefor are generally to be considered ordinary personal expenses. There may be rare situations when such expenses would lose their identity as ordinary personal expenses and become properly classified as medical care expenses, but this record does not present such a case.

We hold for respondent upon the issue presented. Because of certain agreed adjustments,

*Decisions will be entered under Rule 50.*