CARL A. GERSTACKER AND JAYNE H. GERSTACKER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4967–65.   Filed February 21, 1968.

*Gilbert A. Currie* and *James A. Kendall*, for the petitioners.
*Charles H. Powers*, for the respondent.

---

OPINION

Petitioners contend that the legal expenses incident to the guardianship proceedings for Jayne were proximately related to the medical care she received at the Milwaukee Sanitarium during her confinement there. They emphasize that Jayne was dangerous to herself and to those around her prior to the commencement of the guardianship proceedings and her admittance to the sanitarium; that it was impos-

sible to keep her in an institution without the guardianship proceedings; and that psychiatrists had strongly urged that only medical care administered over a long period of time would help alleviate her mental and emotional condition. Furthermore, they point to the fact that Jayne's mental condition was sufficiently improved after 1 year in the Milwaukee Sanitarium so that she continued as a day patient and was officially released from the hospital. Her guardianship was then discharged.

Respondent counters with the arguments that under these circumstances the deductions claimed for legal fees are precluded by section 262, which prohibits the deduction of personal expenses, and that the legal services rendered to petitioners did not constitute "medical care" as that term is defined in section 213(e)(1).[2]

We agree with the respondent. The legal fees claimed by petitioners do not come within the statutory definition of "medical care." The provisions of section 213(e)(1) must be narrowly construed. See *Commissioner* v. *Bilder*, 369 U.S. 499 (1962); and *H. Grant Atkinson, Jr.*, 44 T.C. 39 (1965). Petitioners' attempt to equate legal expenses with the usual medical expenses fails to recognize the sharp distinction between expenses for *actual* "diagnosis, cure, mitigation, treatment, or prevention of disease" and nonmedical expenses, particularly those that are merely preparatory to the *actual treatment*. It is clear that typical medical expense is one which bears *directly* on the "treatment" of some physical or mental function or structure of the body. Here the legal services rendered by the attorneys retained by petitioners cannot be characterized as "treatment" for any mental defect. The attorneys provided no medical advice, opinions, or treatment, nor was it expected that their services would cause Jayne's mental disorder to be corrected.

The only provision of the Internal Revenue Code which could be construed as allowing an *indirect* expense as "medical care" is section 213(e)(1)(B) under which expenses "for transportation primarily for and essential to medical care" may be deducted. This is a limited exception provided by Congress. Any other *indirect expenses* do not fall within the statutory definition of "medical care."

The line between direct and indirect expenses relating to "medical care" is illustrated by the Supreme Court's opinion in *Commissioner* v. *Bilder*, *supra*. There the taxpayer was ordered by his physician to spend the winter in Florida as part of the regimen of medical treatment. He deducted as medical expense the rent paid for his Florida apartment. The Supreme Court, in holding the expense not deductible, adopted the Commissioner's position that it was the purpose of Con-

---

[2] SEC. 213(e)(1). The term "medical care" means amounts paid—

  (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body * * *

  (B) for transportation primarily for and essential to medical care referred to in subparagraph (A).

gress, in enacting section 213(e)(1)(A) of the 1954 Code, to deny deductions for all personal or living expenses incidental to medical treatment other than the cost of transportation of the patient alone, that exception having been expressly added by subparagraph (B) to the definition of "medical care." Consequently, we must reject the effort made by petitioners here to carve out another exception for *indirect* expenses which Congress has not seen fit to provide. See *H. Grant Atkinson, Jr., supra* at 49. To conclude otherwise would open the floodgates for the deduction of innumerable expenses having only an indirect relation to "medical care."

In addition, the circumstances which gave rise to the legal services obtained by petitioners were permeated by personal and family considerations. Jayne retained her attorneys to look after her personal problems. Carl also retained his attorneys for personal reasons. His attorneys gave no assistance to the physicians and psychiatrists who treated his wife and were in no position to render medical advice and opinions. Likewise, the expense of maintaining a guardian for Jayne was of a purely personal nature.[3] The guardian was Jayne's personal representative. With the approval of the appointing court, he was to look after Jayne's personal and business affairs. He did not treat Jayne; he did not assist the physicians and psychiatrists; and he in no way gave medical opinions and advice relative to Jayne's treatment.

It may be that the legal services paid for by petitioners influenced the general well-being and disposition of Jayne and alleviated what had become an intolerable family situation. However, it is settled law that expenses generally beneficial to a taxpayer's health and well-being but permeated with personal and family considerations do not constitute "medical care" as defined in section 213(e)(1) and the regulations promulgated thereunder. See *Edward A. Havey*, 12 T.C. 409 (1949); *John J. Thoene*, 33 T.C. 62 (1959); and *H. Grant Atkinson, Jr., supra*. In the *Havey* case, on which the petitioners place heavy reliance, we said (12 T.C. at 411–412):

In approaching this question it is necessary to have in mind the basic concept of section 24(a)(1) of the code that personal, living, and family expenses are not deductible. Thus, many expenses, such as the cost of vacations, though undoubtedly highly and directly beneficial to the general health, or athletic club expenses by means of which an individual keeps physically fit, are not deductible because they fall within the category of personal or living expenses. To be deductible as medical expense, there must be a direct or proximate relation between the expense and the diagnosis, cure, mitigation, treatment, or prevention of disease or the expense must have been incurred for the purpose of affecting some structure or function of the body.

In determining allowability, many factors must be considered. Consideration should be accorded the motive or purpose of the taxpayer, but such factor is

---

[3] By definition a guardian is a person lawfully invested with the power and charged with the duty of taking care of the person and managing his property and personal affairs.

not alone determinative. To accord it conclusive weight would make nugatory the prohibition against allowing personal, living, or family expenses. Thus also it is important to inquire as to the origin of the expense. Was it incurred at the direction or suggestion of a physician; did the *treatment* bear directly on the physical condition in question; did the *treatment* bear such a direct or proximate therapeutic relation to the bodily condition as to justify a reasonable belief the same would be efficacious; was the *treatment* so proximate in time to the onset or recurrence of the disease or condition as to make one the true occasion of the other, thus eliminating expense incurred for general, as contrasted with some specific, physical improvement? [Emphasis supplied.]

In a similar manner, the critical factor in this case is that the legal services were not rendered as a part of a course of "treatment" for Jayne's mental illness. They did not have a direct or proximate therapeutic effect on her mental disorders.

Accordingly, we hold that all of the deductions claimed for legal expenses connected with the guardianship proceedings are not allowable as medical expenses under section 213(a). They must be treated as nondeductible personal expenses under section 262.

To reflect the agreement of the parties on some issues and the conclusion reached herein on the disputed issue,

*Decision will be entered under Rule 50.*