Leon S. Altman and Olga H. Altman, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 765–68. Filed December 30, 1969.

Leon S. Altman, pro se.
*Allan D. Teplinsky*, for the respondent.

Mulroney, *Judge:* Respondent determined a deficiency in petitioners' 1965 income tax in the amount of $693.94. This deficiency results from respondent disallowing all but $34.29 of a claimed medical deduction in the total sum of $3,005.24.

#### FINDINGS OF FACT

Some of the facts were stipulated and they will be found accordingly.

Leon S. Altman (who will be called petitioner) and his wife, Olga H. Altman, were residents of Los Angeles, Calif., at the time they filed their petition in this case. No attorney's name appears on the petition and petitioner appeared pro se and tried his own case.

Petitioners filed their joint income tax return for 1965 (showing over $24,000 gross income) with the district director of internal revenue in Los Angeles. Petitioner is a physician. He graduated from Long Island College of Medicine in 1934 and was admitted to practice in New York that year and admitted to practice in California in 1958. Petitioner has specialties in the fields of surgery and diagnostic medicine. The parties have stipulated that: "Dr. Altman has been categorized as 'totally disabled' by three insurance companies due to pulmonary emphysema. These insurance companies are presently paying the doctor disability insurance as well as waiving any future premium payments."

In the income tax return in question petitioner claimed medical expenses in the total sum of $3,737.44. In the attached itemized schedule explaining this total medical expense he listed payments to a health-insurance association and to four doctors and a hospital and one item in the amount of $3,150.95. The schedule explains this last item as follows: "Car operations—necessary to disabled physician, unable to practice, and Recipient of Disability Insurance Payments."

It was this $3,150.95 item that respondent disallowed except for the sum of $180 which respondent allowed as automobile expenses for petitioner's trip to and from the doctor's office. In the petition and amendments thereto petitioner alleged the claimed automobile expenses were incurred in transporting petitioner to a golf course so he could play golf which was the "therapeutic measure prescribed by his physician" for his pulmonary emphysema illness. Also in an amendment to the petition there were affirmative allegations of other expenditures which were not taken as deductions on the income tax return to which petitioner claimed he was entitled. These were:

1. Expenditure for use of a golf cart $750.
2. Fees paid for playing golf $600.
3. The cost attributable to airconditioning petitioner's home "estimated at $600.00."
4. The cost attributable to the use of one room in his home as an office $1,500.

#### OPINION

Petitioner filed no brief but it fairly appears from his petition and his statement to the Court that his claimed deduction for transportation expense was based on section 213(e)(1)(B), I.R.C. 1954.[1] In section 213(a) provision is made for the deduction of the amount of expenses paid for "medical care" in excess of 3 percent of adjusted gross income. In section 213(e) the term "medical care" is defined as follows:

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES.

  (e) DEFINITIONS.—For purposes of this section—
    (1) The term "medical care" means amounts paid—
      (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body.
      (B) for transportation primarily for and essential to medical care referred to in subparagraph (A), or
      (C) * * * * *

Respondent argues the expenses of playing golf, including the transportation expense to the golf course were "personal expenses" for which no deduction is allowable, under section 262.

SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

  Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

The country club where petitioner played golf was located 56 miles from his home.

Petitioner, who was the only witness in this case, testified that he drove his car (which was one of his three cars) to the country club to play golf, three or four times a week. He said he had been playing golf for "some 30-odd years." He said some exercise within the limits of his own tolerance was needed for his pulmonary emphysema condition. The exercise increased his intake of oxygen and kept his weight down. He said his walking tolerance was about a block or block and a half and that two physicians had recommended his playing golf to secure the needed exercise for his pulmonary emphysema condition. He stated his golf exercise consisted of walking to and from the golf cart on almost every shot and swinging the golf clubs and walking from the golf cart to the putting greens and back to the cart.

In *John L. Seymour*, 14 T.C. 1111, 1117 (1950), we stated with respect to the term "medical care" as used in the statute: "Not every expenditure prescribed by a physician is to be catalogued under this term, nor is every expense that may be incurred for the physical comfort of a party a medical expense."

It has often been held that the transportation expense to eliminate an environmental condition harmful to the taxpayer because of the disease or infirmity with which he is afflicted, will not be deductible as medical expense. See *Bertha M. Rogers*, 25 T.C. 254 (1955), affd. 241 F. 2d 552 (C.A. 8, 1957).

We can admit some light exercise is the proper treatment for emphysema. However, petitioner's evidence falls far short of establishing his golfing activity as medical care. Admittedly, a golf course would not be necessary in order to engage in the exercise of walking. And petitioner admitted the exercise of swinging a club could be

gained without swinging it on a golf course. He said, however, "I cannot go out to exercise within the confines of the city of Los Angeles because of smog and because of pollutants. That is why I drive 56 miles each way [in an airconditioned car] to be out of an area of smog, to get this exercise."

Strikingly analogous to the issue in this case is the issue in *John J. Thoene*, 33 T.C. 62 (1959). There we had occasion to consider whether doctor-recommended dancing lessons for postoperative treatment would constitute medical care under section 213. We held the dancing could not be characterized as medical care within the definition of medical care in section 213(e) even though such activity gave needed mild exercise activity and that the activity could not be characterized as anything but personal. In fact, in our consideration of the issue we referred to "taking up golf" as illustrating a classic example of a personal rather than a medical activity. In the course of the opinion we said:

The fact that the dance lessons were beneficial to petitioner is not determinative of the issue. Conceivably the same benefits might have been derived from petitioner's taking up golf and participating in the social activity of a country club but it could hardly be argued the expenditures therefor would be deductible as medical care.

The same issue with respect to whether dancing lessons could be considered medical care was present in *Adler* v. *Commissioner*, 330 F. 2d 91 (C.A. 9, 1964), affirming Memorandum Opinion of this Court. There it was held the petitioner was not entitled to deduct the cost of dancing lessons that he considered had therapeutic value for his varicose veins.

We cannot conclude on the record presented that the golf activity constituted "medical care." We hold petitioner's transportation expenses to and from the golf course were personal expenses within the provisions of sec. 262 and not "primarily for and essential to medical care" within the provisions of sec. 213(e).

Little need be said with respect to the alleged expenditures set forth in the amendment which petitioner claimed as deductions which he had failed to take on his income tax return. As stated, petitioner chose to try his own case. He gave no testimony as to expenditures for use of a golf cart or for fees for playing golf. He said he lived in an $800 a month penthouse-type apartment. He gave no evidence of any expenditures he made for air conditioning the apartment. His evidence as to the cost of his apartment attributable to use as an office consists of no more than a recitation of the pertinent allegation in the pleading. The denial of deduction of the expenditures set forth in the amend-

ment to the petition could probably be based on other grounds but it is enough to say they fail as deductions for lack of substantiation.

*Decision will be entered for the respondent.*