THOMAS M. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket Nos. 3883-81, 31339-81.
United States Tax Court
T.C. Memo 1982-441; 1982 Tax Ct. Memo LEXIS 309; 44 T.C.M. (CCH) 672; T.C.M. (RIA) 82441; August 2, 1982. Thomas M. Smith, pro se. David T. Karzon, Jr., for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: *310 Respondent determined deficiencies of $1,120.80 and $808.19 in petitioner's Federal income tax for 1977 and 1978, respectively. After concessions, the remaining issues are (1) whether petitioner is entitled to a deduction greater than that allowed by respondent for legal expenses related to the hospitalization of petitioner's wife for mental illness and (2) whether petitioner is allowed a child care credit for 1977. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. These cases have been consolidated for purposes of trial, briefing, and opinion. Petitioner, Thomas M. Smith, resided in St. Louis, Mo., when he filed his petitions herein. In late October 1976, petitioner, upon doctors' orders, committed his wife against her wishes to the Barnes Hospital for treatment of mental illness. On the following day, she sought judicial relief by filing a "writ of habeas corpus" with the St. Louis Court of Criminal Correction alleging that she was being detained illegally by both the hospital and petitioner. On November 1, 1976, the Court of Criminal Correction allowed petitioner two days to file involuntary commitment proceedings and provided that, *311 if such proceedings were not instituted, the wife's "writ" would be granted, and she would be free to leave the hospital. Therein, petitioner timely instituted legal commitment proceedings and pursuant to an order entered November 12, 1976, by the Probate Court of the City of St. Louis, petitioner's wife was involuntarily committed to the psychiatric ward of Barnes Hospital for treatment of her mental illness described as "conjugal paranoia." By Thanksgiving Day 1976, she was released from the hospital. Harboring strong feelings of revenge against her husband for having her committed, she set out to harass, threaten, and damage him. The wife's vigil of continuing harassment included making incessant telephone calls to petitioner at home and at work, driving her car by the family residence at all hours, and destroying petitioner's car by poking holes in the radiator hose with an icepick and ruining the transmission. Petitioner sought judicial relief from this continuous barrage. He defended contempt suits by his wife and various suits instituted by his wife's creditors. In addition, petitioner defended a suit filed by his wife's parents alleging petitioner was trying to show *312 the wife's entire family was crazy. As early as December 22, 1976, the Circuit Court of St. Louis restrained petitioner's wife from entering or occupying the family residence. Petitioner and his wife remained separated thereafter while their four children continued to live with petitioner in the family residence. On December 30, 1976, she filed for divorce which was granted on January 11, 1978. Petitioner was awarded custody of the children. From the latter part of 1976 through 1978, petitioner hired the services of a lawyer, the purposes of which were to have his wife committed, to represent him in the divorce action, to protect and defend himself and the children from the errant behavior of his wife, and to resist claims by his wife's creditors. On his 1977 and 1978 Federal income tax returns, petitioner claimed deductions of $2,850.00 and $3,040.10, respectively, for legal fees paid with respect to those services. In his notices of deficiency, respondent disallowed those deductions in their entirety. [1] Respondent also disallowed a child care credit of $144.80 claimed in 1977. *313 OPINION The issues are (1) whether petitioner is entitled to deductions greater than those allowed by respondent for legal fees paid with respect to his wife's illness and (2) whether petitioner is entitled to a child care credit. Petitioner claims the legal fees in dispute are deductible as medical expenses under section 213 [2] or, in the alternative, as expenses for the production of income under section 212. Respondent argues the legal expenses are nondeductible personal expenses. We agree with respondent. Section 213(a) allows a deduction for amounts spent for "medical care." It is well established that before such an expenditure is deductible, it must be closely related to, and not just connected in some way to the providing of medical care. Commissioner v. Bilder,369 U.S. 499 (1962); Jacobs v. Commissioner,62 T.C. 813 (1974); Brown v. Commissioner,62 T.C. 551 (1974), affd. per curiam 523 F.2d 365 (8th Cir. 1975); Gerstacker v. Commissioner,414 F.2d 448 (6th Cir. 1969), revg. *314 and remanding 49 T.C. 522 (1968); Havey v. Commissioner,12 T.C. 409 (1949).
It has been held that where commitment was necessary to render medical treatment for a person's mental illness, legal expenses necessary to accomplish such commitment are deductible medical expenses. Gerstacker v. Commissioner,supra. Consistent with this holding, respondent has conceded that $1,036.28 of the legal fees paid in 1977 are deductible since they are directly attributable to the commitment and hospitalization of petitioner's wife. [3] See note 1, supra.However, respondent contends the remaining legal fees were not spent for the purpose of obtaining medical treatment. We agree. The remainder of the legal fees were spent with respect to (1) protecting petitioner and the children from the threatening behavior of his wife and (2) the divorce proceeding, which included his wife's attorneys' fees. They are *315 in no way directly related to the providing of medical care or to preventing illness to either petitioner, his wife, or their children. [4] Thus, we reject petitioner's argument that the deductions should be allowed since the expenditures would not have been made absent his wife's illness. Likewise, we reject petitioner's claim that the legal fees at issue herein are deductible as expenses incurred for the production of income under section 212. The United States Supreme Court has held the deductibility of legal expenses depends on the origin and nature of the claim. United States v. Gilmore,372 U.S. 39 (1963). All legal fees at issue herein arose either from petitioner's divorce action or from his attempts to shield himself from his wife's threatening behavior. These expenses are not *316 related to any income-producing property or any profit-making activity. Rather, they constitute nondeductible personal expenses. Sec. 262. [5]
The final issue is whether petitioner is entitled to a child care credit in the amount of $144.80 for the taxable year 1977. Having adduced no evidence on this issue at trial, petitioner has failed to meet his burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. Accordingly, we deny the child care credit. To summarize, we disallow both the claimed deductions in excess of those *317 allowed by respondent and the claimed child care credit. Reminded of the passage, Nor hell a fury like a woman scorned. [Congreve, William, The Mourning Bride, act iii, scene 8 (1697)]. We certainly sympathize with petitioner's hardship. We only hope petitioner has brighter days ahead. To reflect concessions and the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. For taxable year 1977, respondent has conceded that $1,036.28 in legal fees are properly deductible as a medical expense. In addition, petitioner makes no objection to respondent's contention that only $1,554.42 in legal fees were paid in 1977. Thus, the amount in issue for 1977 is $518.14. For taxable year 1978, petitioner amended his petition and now seeks to deduct an additional $2,500 for his ex-wife's attorneys' fees which he was required to pay under the divorce decree. He also substantiated legal fees of $3,510.42 in 1978. Thus, the amount in issue for 1978 is $6,010.42.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.↩
3. In Rev. Rul. 71-281, 1971-2 C.B. 165, the Service announced it would follow the decision in Gerstacker v. Commissioner,414 F.2d 448 (6th Cir. 1969), revg. & remanding 49 T.C. 522↩ (1968).
4. See Jacobs v. Commissioner,62 T.C. 813↩ (1974), wherein the taxpayer's psychiatrist advised him to obtain a divorce because the cause of the taxpayer's severe depression was his marriage. The taxpayer hired an attorney to obtain the divorce. Payments made to the taxpayer's attorney and his wife's attorney were held not to be deductible medical expenses.
5. The $2,500 in legal fees paid to his wife's attorney arising out of the divorce action are similarly nondeductible. See United States v. Patrick,372 U.S. 53 (1963). A portion of the legal fees paid in 1978 were for resisting claims of his wife's creditors for medical bills she incurred prior to their divorce. These claims likewise arose from a personal medical expense and the legal fees attributable to defending against these claims are nondeductible personal expenses. See Lykes v. United States,343 U.S. 118↩ (1952). Nor is there any basis to petitioner's claim for a casualty loss. See sec. 165(e).