SAMUEL DOBKIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28013. Promulgated December 18, 1950.

*Philip Baskin, Esq.*, for the petitioner.
*George C. Lea, Esq.*, for the respondent.

## OPINION.

MURDOCK, *Judge:* The petitioner claims that the cost of his trip to Florida, begun in November 1946 and ended in April 1947, is medical expense of 1947 deductible under section 23 (x). The Commissioner has held to the contrary and the petitioner has the burden of proof. The Commissioner makes no point of the fact that a part of the amount in question might have been paid in 1946. His principal argument is that this trip lacked the direct connection with the cure, mitigation, treatment, or prevention of some specific disease that is required by section 23 (x) and is nondeductible as personal or living expenses within section 24 (a) (1). His regulation requires that the expense be "incurred primarily for the prevention or alleviation of a physical  *  *  *  defect or illness" and only includes "travel primarily for and essential to the rendition of medical services or to the prevention or alleviation of a physical  *  *  *  defect or illness." Regulations 111, section 29.23 (x)–1.

Not all trips south to avoid harsh northern winters come within the law or the regulation. Many are taken in the belief that the traveler will benefit by warm southern climate whereas the harsh winter at home farther north might be injurious to his health. Some take trips to resorts upon the advice of physicians, but the cost of travel of that kind does not come within section 23 (x) merely because of a possible benefit to the general health of the traveler. *Edward A. Havey*, 12 T. C. 409. Cf. *John L. Seymour*, 14 T. C. 1111. There must be some existing or imminent illness or existing physical defect which the trip is supposed to alleviate, cure, or prevent.

The petitioner points to the coronary occlusion which he suffered in 1944, two and one-half years before the beginning of the taxable year, and claims that this third annual trip, like the two previous ones, was to cure, mitigate, treat, or prevent that disease or illness. At least one doctor advised him to take this third trip, but neither of his doctors testified and the evidence does not show that they prescribed this trip to cure or alleviate the 1944 attack, or in the belief that it would prevent a recurrence, or might reasonably be expected to affect any existing condition of his heart. The 1944 attack occurred in summer weather. It is entirely possible that neither physician expected any benefit from this trip except some benefit to his general health. There is evidence to show that this trip would in no way affect the 1944 coronary occlusion from which he had already recovered. There must be a closer relation between the expenditure and some

disease, illness, or defect than has been shown here to make travel and living expenses, such as these, deductible as medical expenses under section 23 (x). *Edward A. Havey, supra.*

It is unnecessary to go into the question of whether, under any circumstances, the entire amount of living expenses in Florida would be deductible or whether only a part, for example, the excess, due solely to the medical care, over the usual living expenses, would be used in computing the deduction. Cf. *L. Keever Stringham*, 12 T. C. 580, affd., 183 Fed. (2d) 579.

*Decision will be entered for the respondent.*