950

VINCENT P. RING AND JANE H. RING, PETITIONERS, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48070.    Filed March 9, 1955.

*Eugene H. Bruns, Esq.*, and *Charles R. Cuntz, Esq.*, for the petitioners.

*Urban C. Bergbauer, Esq.*, for the respondent.

OPINION.

JOHNSON, *Judge:* Agreement of the parties on the amount spent for the trip to France leaves for decision only the question of whether the cost is deductible as an expense for medical care within the meaning of section 23 (x) of the 1939 Code, which provides:

The term "medical care", as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance).

Petitioner asserts, in general, that the expense involved here was paid to obtain a cure or mitigation of the physical condition of his daughter. Acknowledging that there is no case directly in point, he contends that he meets the tests set out in *Edward A. Havey*, 12 T. C. 409.

The intent of the statute was discussed at considerable length in the *Havey* case and *L. Keever Stringham*, 12 T. C. 580, aff'd. 183 F. 2d 579. We remarked in the *Havey* case: "To be deductible as medical expense, there must be a direct or proximate relation between the expense and the diagnosis, cure, mitigation, treatment, or prevention of disease or the expense must have been incurred for the purpose of

affecting some structure or function of the body" and that an amount is not deductible unless "the expense was *incurred primarily* for the prevention or alleviation of such condition. An incidental benefit is not enough." The conclusions reached in the *Stringham* case on congressional intent are to the same effect.

The regulations of the Commissioner, quoted with approval in *L. Keever Stringham, supra,* and *Samuel Dobkin,* 15 T. C. 886, include as expenses for medical care "travel primarily for and essential to the rendition of the medical services or to the prevention or alleviation of a physical or mental defect or illness." Regs. 111, sec. 29.23 (x)–1.[1]

While the provisions of section 23 (x) are broad, they are restricted by the provisions of section 24 (a) (1), which make living expenses nondeductible unless they are "extraordinary medical expenses deductible under section 23 (x)." *Frances Hoffman,* 17 T. C. 1380. Whether a living expense falls within section 24 (a) (1) or the exception in section 23 (x) is a factual question.

The trip to France was not commenced until 14 months after the operation was performed and it was purposely delayed so that there would be no interference with the scheduled graduation of Joan from high school. By that time the only known physical defect or ailment of Joan was the bone condition in her right leg, from which she appears to have been making a normal recovery without need for further medical services or treatment other than the stiff brace she was wearing. That no medical treatments, as such, were necessary at that time or in the immediate future is evident from testimony of petitioner that the surgeon "had done what he could"; that "his work as a professional man was, in the main finished," and that he could not, as a physician, recommend that Joan go to Lourdes. Moreover, no physician suggested or recommended the trip to the shrine and no medical advice was sought or given while there. Thus, the travel expense was not paid to seek or obtain medical advice or services within, at least, the narrow and commonly understood meaning of the terms. And we do not interpret petitioner as contending otherwise. His motive for having Joan make the trip is apparent from his testimony.

Petitioner was greatly concerned about whether the operation would result in a complete cure of the malignant tumor. He had knowledge of the cures recorded as having occurred at the shrine from the "procedure" there and testified that his motive for sending Joan was to assure spiritual aid with the expectation that it would bring about some improvement of her physical condition, mentally in particular.

---

[1] The Internal Revenue Code of 1954 includes in the statutory definition of "medical care" amounts paid "for transportation primarily for and essential to medical care." Sec. 213 (e). The amendment was made to clarify the existing statute. H. Rept. No. 1337, 83d Cong., 2d Sess., p. A60, S. Rept. No. 1622, 83d Cong., 2d Sess., p. 219.

He also testified that while the reported miracles performed at the shrine influenced his thinking about sending his daughter to France, he had no idea that a miracle would be performed for her. Joan testified that the purpose of making the trip was "In the hope of spiritual help."

The visit to the shrine was to seek spiritual aid with no more than a hope that as a result some improvement would occur in a physical condition, for which no additional medical attention, as such, was required at the time.

Petitioner points to nothing in the applicable statute or its legislative history disclosing intent to treat as an expense for medical care the cost of travel to a place for the purpose of seeking spiritual help to alleviate a physical defect. We find none.

Reviewed by the Court.

*Decision will be entered for the respondent.*