ESTATE of Harry W. EMBRY, Deceased, and Janet C. Embry, Plaintiffs,

v.

William M. GRAY, District Director of Internal Revenue, Louisville, Kentucky, Defendant.

Civ. A. No. 2970.

United States District Court W. D. Kentucky, at Louisville.

Aug. 24, 1956.

E. J. Wells, Louisville, Ky., for plaintiffs.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

July 18, 1955, this action was instituted by plaintiffs for the recovery of $681.11, with interest from August 10, 1954. The case was tried to the Court without a jury March 5, 1956 and time granted counsel for the preparation and filing of briefs.

From the evidence heard, the Court makes the following—

Findings of Fact

1. Harry W. Embry suffered a stroke produced by thrombosis December 19, 1948, for which he was hospitalized from the date of the stroke to January 13, 1949. He then returned to his home and by the latter part of February 1949 he was able to return to his office.

Shortly before the middle of March 1949, upon the advice of his attending physician Dr. Clayton McCarty, he went to Dalray Beach, Florida to escape the severe weather of March in Western Kentucky and for the mitigation and treatment of his diseased vascular and circulatory system.

Mr. Embry went to Florida by train and from March 13 until April 13, he and Mrs. Embry, the plaintiff Janet C. Embry, were guests at the Seacrest Resort Hotel.

He returned to Louisville April 15, apparently improved and went back to his work as President of the General Box Company until September 4, 1949, when he suffered a hemorrhage stroke which was fatal.

2. Decedent together with his wife filed a joint return for income taxes for the year 1949, which was later examined by a Revenue Agent who increased the net taxable income shown by the return from $26,331.19 to $28,459.08. This resulted in an additional income tax deficiency which was assessed against the plaintiffs in the amount of $539.58, with interest of $141.53 accrued to August 10, 1954, upon which date the deficiency tax and interest was paid amounting to $681.11.

3. The deficiency in income tax was the result of the Commissioner's disallowance of contributions in 1949 of $110, business expenses of $500 and a deduction of $1,481.31 medical expenses. According to the return the total medical expenditure by taxpayer was $3,035.60, less 5 percent of the net income ($1,517.17).

As stated, the deficiency was paid and on November 5, 1954, a claim for refund in the sum of $681.11 was filed. The Commissioner took no action on the claim and after the lapse of six months from the date of the filing of the claim, this action was instituted.

4. Decedent's attending physician, Dr. McCarty, testified that he treated the decedent during his illness, and directed him to take the trip to Florida, convinced that the climate in Florida and the rest which he advised would mitigate and improve Mr. Embry's condition. Hence, there can be no question but that the trip was taken on the advice and prescription of a reputable practicing physician. Dr. McCarty had been in daily attendance on the decedent while confined in the hospital at Louisville and after his removal from the hospital he saw the decedent two or three times each week until he went to Florida.

5. Mr. Embry traveled alone on the train, but Mrs. Embry and a daughter drove the family automobile through to Florida in order that they could have the convenience of the automobile on their stay in Florida and in order that Mrs. Embry could be with her husband. Dr. McCarty advised that her being with her husband in Florida "was advisable".

Decedent expended for his transportation to Florida $102.70 and plaintiffs are claiming $1,378.64 paid to the Seacrest Hotel as a deductible medical expense. They have filed the statements from the hotel aggregating that amount, but including two weeks expense for the

daughter Miss Ainslie Embry. The statements also include items of extra meals, telephone, bar, cash advances and c. o. d. charges, none of which are in any wise identified as medical expenses by any testimony which was introduced.

The Court therefore finds that for the expense of room, meals, transportation and a reasonable amount of incidental expenses there should have been deducted on account of the Florida trip $750. This includes hotel expenses, rooms and meals and a reasonable amount for incidental expenses for both Mr. and Mrs. Embry. To the extent of $750 the Commissioner was in error in disallowing this deduction.

It is significant that Mr. Embry did not see a physician while in Florida, was able to swim, lounge on the beach and on one occasion at least to play golf.

■ 6. According to the testimony of Mrs. Embry, some eighteen or twenty persons were entertained at a Derby Breakfast in Louisville and one couple were house guests of the Embrys for the Derby weekend and this deduction is claimed as a business deduction by reason of the fact that they were executive officers or prospective customers of Mr. Embry's Company and that his salary was regarded by the Directors of the Company as being sufficient to allow him to entertain in this manner at his own and not at the Company's expense.

$100 of the $500 deduction claimed was shown to be for Christmas presents and counsel for plaintiffs conceded that only $400 of the alleged business expense is a proper deduction. No records were introduced or account of the expenses upon any particular occasion and Mrs. Embry's testimony was descriptive of other years as much as the year in question. However, the Court allows $400 as a business expense and the claimed deduction should not have ben disallowed by the Commissioner. Cohan v. Commissioner, 2 Cir., 39 F.2d 540, 543.

■ The remaining $110 is to the extent of $50 claimed as cash contributions, allegedly expended in working for charitable organizations during the year and the testimony in my opinion is not sufficient to authorize any deduction on this account.

■ The remaining $60 was for cost of working for certain organizations of which Mrs. Embry kept no account and about which she was not able to give any instances of any amount paid. The Commissioner properly disallowed this amount.

Conclusions of Law

I. As stated by counsel for plaintiffs, the principal issue in the case is the medical expense. In the case of Havey v. Commissioner, 12 T.C. 409, the deduction claimed was the expense of the taxpayer in taking his wife in 1945 to Spring Lake, New Jersey, Atlantic City and Remuda Ranch, Wickenburg, Arizona, all of the trips being made upon the advice of her attending physician following a coronary occlusion. The Tax Court there held that the expense of that trip was not for the cure, prevention, or alleviation of a disease or physical condition within the meaning of Section 23 (x) of the Revenue Act of 1939, 26 U.S. C.A. § 23(x).

Perhaps the leading case from the Tax Court on deductible medical expense is Stringham v. Commissioner, 12 T.C. 580, where the taxpayer's five year old child residing in Ohio, on the advice of a reputable physician was sent to Arizona and there placed in school. While the expense of the trip was admittedly incurred for the benefit of the child's health, the expense of the school where she was enrolled was shown to be five times greater than the fee where children were enrolled in a day school who resided at their homes. Only the cost of medical facilities, the child's meals and lodging and her transportation to and from Arizona were held to be medical expenses. This ruling was affirmed by the United States Court of Appeals for the Sixth Circuit and is reported as Commissioner v. Stringham, 183 F.2d 579.

The Court has found no decision and counsel has referred to none more clear-

ly defining properly deductible medical expenses than the Stringham case, that is where trips to more healthful climates was the principal treatment.

In the case of Dobkin v. Commissioner, 15 T.C. 886, the Court held it was unnecessary to determine whether the entire amount of expenses in Florida would be deductible or whether only a part, for example, *the excess, due solely to the medical care, over the usual living expenses,* would be used in computing the deduction.

II. The Court has jurisdiction over the parties and the subject matter here involved. Title 28 U.S.C.A. § 1340.

### Conclusion

Medical expense on account of expenditures on the trip to Florida aggregating $750 is held to be a proper deduction. $400 of the $500 disallowed by the Commissioner is hereby allowed and the sum of $110 miscellaneous contributions is held not to have been a proper deduction and the Commissioner's disallowance of that amount is upheld.

Counsel for plaintiffs will present a judgment in conformity with these conclusions, upon notice to counsel for defendant.