BENNY L. AND JUDY G. KILPATRICK, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4509–74. Filed July 11, 1977.

*John R. Eldridge III,* for the petitioners.[1]
*J. Michael Adcock,* for the respondent.

IRWIN, *Judge:* Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1972 in the amount of $181.59. In their petition petitioners contest only the disallowance of expenses incurred in connection with the adoption of their son. Other concessions have been made leaving as the only issue for our resolution: whether certain doctors' fees and hospital fees paid for medical services rendered to the natural mother of petitioners' son during and after childbirth are deductible under section 213.

### FINDINGS OF FACT

Most of the facts have been stipulated. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference.

Petitioners Benny L. and Judy G. Kilpatrick, husband and wife, resided at Springdale, Ark., at the time of filing the petition herein. They filed a joint income tax return for the calendar year 1972 with the Internal Revenue Service Center in Austin, Tex.

On February 12, 1972, petitioners adopted a child (Carey Johnathon Kilpatrick). Prior to the adoption, petitioners agreed with the local adoption agency to pay the medical expenses of the natural mother incurred in connection with the birth of the child. Petitioners paid these expenses after their child was born.

The natural mother of petitioners' child entered the hospital on February 12, 1972, and gave birth that same day. Petitioners have never seen the natural mother nor do they know her name.

On their income tax return for 1972 petitioners deducted the following medical expenses:

---

[1] Petitioners appeared pro se at the trial of this case. After trial John R. Eldridge III entered his appearance for petitioners.

| | | |
|---|---:|---:|
| One-half medical insurance premiums | | $60.00 |
| Medicine and drugs | 0 | |
| Balance of insurance premium | $60.00 | |
| Hillcrest Medical Center | 881.25 | |
| Dr. Culwell | 153.00 | |
| Dr. Baker | 33.00 | |
| Dr. Rosenzweig | 21.00 | |
| Mileage | 12.00 | |
| Total | 1,160.25 | |
| Less 3% of adjusted gross income | 228.95 | 931.30 |
| Total claimed for medical expenses | | 991.30 |

Respondent disallowed a portion of the $881.25 paid to the Hillcrest Medical Center on the ground that such portion was not attributable to services rendered to the adopted child. However, the following hospital expenses were directly attributable to services rendered to the child and were allowed:

| | |
|---|---:|
| Term nursery | $120 |
| Circumcision | 15 |

Respondent has conceded that an additional $44.50 of the $881.25 amount is deductible as an expense directly attributable to care of the adopted child. Accordingly, the disallowed expenses paid to the Hillcrest Medical Center amount to $701.75.

Of the $153 listed as paid to Dr. Culwell, respondent allowed petitioners to deduct $30 as being directly related to care of the child. The remaining $123 was comprised of $75 paid to the Tulsa Women's Clinic, Inc., and $48 paid to the Tulsa Anesthesiologists, Inc. Respondent disallowed these latter amounts as not being paid for medical care of an individual who is a dependent of the taxpayers.

The payments made to Drs. Baker and Rosenzweig have not been contested by respondent, nor have additional unspecified expenses totaling $73.

The natural mother of petitioners' child was not a dependent of petitioners during 1972, although the adopted child was.

### OPINION

The issue before us is whether petitioners may deduct the expenses incurred for medical services rendered to their son's natural mother.

Petitioners claim that the expenses paid for medical services rendered to the natural mother of their child were expenses paid for medical care for the child within the meaning of section 213 of the Internal Revenue Code of 1954.[2] Petitioners assert that medical services rendered to the natural mother have a direct effect on the physical and mental health of the child and are, therefore, deductible.

Respondent contends that the expenses incurred in connection with the medical services rendered to the natural mother constitute nondeductible personal expenses under section 262. Respondent has already allowed petitioners a deduction for those expenses directly related to the medical care of the child after its birth. See Rev. Rul. 60–255, 1960–2 C.B. 105.

There is no question that the expenses incurred were "personal, living, or family expenses" within the meaning of section 262. The only question is whether the "Except as otherwise expressly provided in this chapter" clause of that section applies. *Jacobs v. Commissioner*, 62 T.C. 813, 818 (1974).

Section 213 allows a deduction for certain expenses, not compensated for by insurance or otherwise, paid during the taxable year "for medical care of the taxpayer, his spouse, and dependents (as defined in section 152)," subject to limitations we need not discuss in this opinion.

The parties agree that the natural mother of petitioners' child was not a "dependent" of petitioners within the meaning of section 152. While that would ordinarily end the matter before us (since all the questioned expenses relate to services rendered to the mother), petitioners make a commonsense argument that medical care rendered to the natural mother is medical care rendered to the child.[3]

We agree with the general commonsense proposition that medical care rendered to an expectant mother *may*, under certain circumstances, constitute medical care rendered to her child. Prior to the child's birth the health of the mother is so intimately connected with the health of the child that to

---

[2] All statutory references hereafter refer to the Internal Revenue Code of 1954, as in effect for the year in issue, unless otherwise stated.

[3] Petitioners ask that we take judicial notice of this fact, which we decline to do. See rule 201(b), Federal Rules of Evidence.

say a service rendered to one could never be a service rendered to the other belies believability.

However, we are unable to determine from the record before us which services rendered to the mother were so proximately or directly related to the health of the child as to constitute medical care for the child. Certainly, the medical services rendered to the natural mother *after* the child was born do not constitute medical care for the child. And as for those medical services rendered prior to or during the birth of the child, it is insufficient to show only that the health of the unborn child was promoted generally by such services. More is required. As we noted in *Havey v. Commissioner*, 12 T.C. 409, 412 (1949):

> To be deductible as medical expense, there must be a direct or proximate relation between the expense and the diagnosis, cure, mitigation, treatment, or prevention of disease or the expense must have been incurred for the purpose of affecting some structure or function of the body.
>
> * * * it is important to inquire as to the origin of the expense. Was it incurred at the direction or suggestion of a physician; did the treatment bear directly on the physical condition in question; did the treatment bear such a direct or proximate therapeutic relation to the bodily condition as to justify a reasonable belief the same would be efficacious; was the treatment so proximate in time to the onset or recurrence of the disease or condition as to make one the true occasion of the other, thus eliminating expense incurred for general, as contrasted with some specific, physical improvement?

Cf. *Randolph v. Commissioner*, 67 T.C. 481 (1976).

Petitioners have simply failed to show that all, or a portion, of the expenses in question were directly or proximately related to the "diagnosis, cure, mitigation, treatment, or prevention of disease" in the unborn child. It is possible that some of these expenses were so related. However, from the evidence presented we are unable to identify such expenses or estimate the amount thereof.[4]

*Decision will be entered under Rule 155.*

---

[4] We do not find it objectionable that petitioners' adopted son was not born at the time the services were rendered. Sec. 1.213–1(e)(3), Income Tax Regs., states:

(3) *Status as spouse or dependent.* In the case of medical expenses for the care of a person who is the taxpayer's spouse or dependent, the deduction under section 213 is allowable if the status of such person as "spouse" or "dependent" of the taxpayer exists either at the time the medical services were rendered *or at the time the expenses were paid.* * * * [Emphasis supplied.]