GARY L. HORNISH and JOANN HORNISH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hornish v. Commissioner
Docket No. 6835-76.
United States Tax Court
T.C. Memo 1978-213; 1978 Tax Ct. Memo LEXIS 299; 37 T.C.M. (CCH) 919; T.C.M. (RIA) 78213; June 8, 1978, Filed *299 Held, petitioners failed to prove what portion, if any, of medical fees paid to deliver their adopted child constituted medical care for the child. Accordingly, no deduction is allowed. William H. Sullivan and Tom G. Parrott, for the petitioners. Patrick E. McGinnis, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 297 deficiency in petitioners' 1973 Federal income taxes. After petitioners' concessions, the sole issue is whether doctor fees incurred in the delivery of an adopted child are deductible medical care for the child under section 213. [1]
*300 FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Gary and Joann Hjornish, husband and wife, resided in Edmond, Oklahoma, when they filed their 1973 return with the District Director, Internal Revenue Service, Southwest Region, Austin, Texas, and when they filed their petition in this case. On May 2, 1973, petitioners adopted a child, Tanya Hornish. Prior to adoption, petitioners agreed to pay the medical expenses that the natural mother incurred in connection with the birth of the child. After the child was born, petitioners paid, among other things, $ 500 for services rendered by the attending physician in delivering the child. Petitioners agree that the natural mother is not a dependent. Petitioners deducted this fee as a medical expense on their 1973 return. Respondent, relying on section 213(a)(1), disallowed the entire sum on the ground that it was an expense relating to the natural mother, who was not a dependent of petitioners. OPINION We must determine whether petitioners' medical expenses incurred in the delivery of their adopted child pursuant to an adoption agreement are deductible medical expenses under section 213. This, *301 in turn, depends upon whether the delivery expense was incurred for the medical care of the natural mother or the adopted child. Petitioners contend the $ 500 medical delivery expense is attributable to their adopted child. Respondent contends it is attributable to the care of the natural mother. On the record before us, we find that petitioners have failed to prove any of the expense related to the medical care of their adopted child. Section 213(a)(1) allows, subject to limitations, a deduction for certain expenses, not compensated for by insurance or otherwise, paid during the taxable year "for medical care of the taxpayer, his spouse, and dependents (as defined in section 152)." The parties agree the natural mother was not a dependent; accordingly, unless the delivery expense was related only to the care of the child it is not deductible. In Kilpatrick v. Commissioner,68 T.C. 469, 473 (1977), we stated that medical services rendered during the birth of the child may be deductible if petitioners show that all, or a portion, of the expense was directly or proximately related to the diagnosis, cure, mitigation, treatment, or prevention of disease in the unborn *302 child. It is possible some of this expense was proximately related to the medical care of the child, but from the evidence presented we are unable to identify or estimate the amount thereof. No medical testimony exists in the record identifying the specific services, if any, performed by the attending physician on behalf of the unborn child. Petitioners have the burden of proof on this issue, Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, notwithstanding the cost of medical testimony. They have failed their burden here. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩