OPINION. Van Fossan, Judge-. It is contended by petitioner that he is entitled to a bad debt deduction in the amount of $834.15 under section 23 (k) (1) of the Internal Eevenue Code. It is argued that the awards vested in petitioner all the rights of a stockholder, that the awards constituted a debt owed by the company to petitioner, and that the debt became a bad debt to the extent of the value of the 54%g shares at the time such shares were divested by the bonus custodian. It is also contended by petitioner that he is entitled to a deduction under section 23 (k) (2). It is argued that the 54%8 shares were a part of petitioner’s capital assets and that such shares became worthless in the taxable year when such shares were taken from him without compensation. The first and most obvious answer to petitioner’s claim of a bad debt deduction under section 23 (k) (1) is that, assuming it was. a debt, he has not proved that the debt became worthless, that he had unsuccessfully attempted to collect from duPont, and that the duPont Co. was not financially responsible. Similarly, his claim under section 23 (k) (2) that the stock became worthless in the taxable year is to be answered by stating that he presented no evidence establishing his contention of the worthlessness of the stock. There is yet another reason to disallow the claimed deduction and that is, that there is no evidence showing that petitioner reported as income the fair market value of the shares of stock as of the time awarded to him in 1941 and 1942, respectively. Under petitioner’s theory, the stock awards constitute compensation received by him in those years. A taxpayer may not take a deduction in connection with an income item unless it has been taken up as income in the appropriate tax return. See Charles A. Collin, 1 B. T. A. 305, and Maurice P. O'Mera, 8 T. C. 622, 632. Thus he failed to establish a basis for the bad debt or loss. Thus it is that, looked at in any of several ways, petitioner has no ground for claiming a deduction. The next item arises from petitioner’s claim as a medical expense of the cost of installing an oil heater in his home. To be allowable, the expense must come within the statute.[1] The statute deals with “expenses paid for medical care of the taxpayer.” Not every expenditure prescribed by a physician is to be catalogued under this term, nor is every expense that may be incurred for the physical comfort of a party a medical expense. See Edward A. Havey, 12 T. C. 409. The statute states by way of definition that the term “medical care * * * shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of tbe body * * In approaching this question it is necessary to have in mind tbe basic concept of section 24 (a) (1) of the code that personal, living, and family expenses are not deductible. Thus, many expenses, such as the cost of vacations, though undoubtedly highly and directly beneficial to the general health, are not deductible because they fall within the category of personal or living expenses. A fortiori, under the general concept of the income tax law capital expenditures of permanent benefit to a property, such as is the present item, are not deductible as current expenses. Certainly there is no basis in general law to which taxpayer can point for support of his deduction. He who claims a deduction must prove that he comes within the terms of the governing statute. This is but another way of saying that he must prove that he comes within the intent of Congress in enacting the statute, for deductions are a matter of legislative grace. f We are unable to find in the history of the statute any evidence of ( an intent by Congress to create an exception to the general rule that capital expenditures are not deductible as current expenses. If such a radical departure from basic concepts were intended, surely it would not be left to inference or conjecture. It would have been specifically set out in the statute. Statutes are to be interpreted reasonably. We , do not believe it reasonable to hold that the installation of an oil burner, a permanent improvement in petitioner’s property, is to be ... classified as a medical expense under the provisions of section 23 (x). The nature of the expense here under consideration serves to distinguish this case from such cases as L. Keener Stringham, 12 T. C. 580. _We accordingly sustain the respondent. The petitioner, in his 1944 income tax return, claimed a deduction for Ohio sales tax and cigarette tax paid in the amount of $30.30. He testified that he purchased in Ohio a wrist watch for his wife for which he paid in the neighborhood of $100 and that the total tax paid the jeweler was $20, which he believed included the Federal and state taxes. After the hearing the petitioner conceded that the cost of the watch was actually in the neighborhood of $60 to $70, of which $46 to $50 was for the watch and $15 to $20 for a gold wrist band to replace a black cord band supplied with the watch and that the total Federal and state tax paid on the watch was about $15. The Ohio sales tax levied on each retail sale made in the state of tangible personal property (with certain exceptions, including cigarettes) is three cents on each full dollar if the price is in excess of one dollar. Sec. 5546-2, Page’s Ohio General Code, Ann. Since the sale of jewelry is not one of the exceptions mentioned in the statute and the tax is required to be paid by the consumer (Sec. 5546-3, Page’s Ohio General Code, Ann.), the petitioner is entitled to.a deduction of $1.80 for Ohio sales tax. The Federal excise tax.on jewelry is imposed on the vendor and not the consumer. Ch. 19, Retailers’ Excise Tax, I. R. C. The petitioner is, therefore, not entitled to any deduction for Federal excise taxes included in the price paid by him for the watch. As to the cigarette tax there is no showing as to the amount of cigarettes purchased. Although a tax is imposed on cigarettes under Ohio law, secs. 5894AL to 5894-3, Page’s Ohio General Code, Ann., the tax is not imposed on the consumer. Clark v. Commissioner, 158 Fed. (2d) 851, which affirmed T. C. memorandum opinion (Apr. 1,1946) wherein the Tax Court stated, in part, as follows: Contention is also made for deduction of taxes paid upon cigarettes. No proof was made of the amount of such tax, but the amount of cigarettes used was proved, 730 packages by DeCamp and wife. Deduction is disallowed, however, since neither the Federal excise tax nor the Ohio cigarette tax was upon the consumer, and the Ohio sales tax specifically excepts cigarettes. * * * The same applies to'the New York tax on cigarettes. § 471, McKinney’s Consolidated Laws of New York, Ann. The petitioner, therefore, is not entitled to any deduction for state taxes imposed under the laws of Ohio or New York on cigarettes purchased by him or his wife. The only evidence in the record to support the claim that the gold coin and gravy ladle were lost by theft is that petitioner’s wife told the petitioner that they were gone, that after the servant brought from Wilmington had left, they had a “stream of servants,” and that it was possible for them to have stolen the coin and the ladle. The article may have been stolen, but the evidence does not justify a finding that theft was the exclusive possibility or probability. Because the servants had opportunity to take the items is not proof that the items were stolen by any one of them. There is no evidence that a thorough search was made for the items. Moreover, there is no evidence as to the value of the gravy ladle at the time of the theft. The petitioner testified that he was wrong in claiming a loss of only $25 for the gold coin because he felt it was worth a great deal more than that, but that it was worth at least that much. There is no evidence in the record to substantiate petitioner’s statements about the worth of the coin. Upon all the evidence, it is our conclusion that the petitioner is not entitled to the claimed deductions of loss by theft. The disallowance of the claimed deductions of $25 for che coin and $12 for the ladle is approved. Reviewed by the Court. Decision will be entered wider Rule 50. SBC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions : ******* (x) Medical, Dental, Etc., Expenses. — Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25 (b) (3), to the extent that such expenses exceed 5 per centum of the adjusted gross income. If only one surtax exemption is allowed under section 25 (b) for the taxable year, the maximum deduction for the taxable year shall be not in excess of $1,250. If more than one surtax exemption is so allowed, the maximum deduction shall be not in excess of $2,500. The term “medical care,” as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance).