GLENN T. AND HELEN J. ATWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Atwell v. Commissioner
Docket No. 8664-78.
United States Tax Court
T.C. Memo 1981-346; 1981 Tax Ct. Memo LEXIS 390; 42 T.C.M. (CCH) 324; T.C.M. (RIA) 81346; July 6, 1981
Glenn T. Atwell, pro se. Douglas R. Fortney, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *391 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a $ 229.14 deficiency in petitioners' 1976 federal income tax. The issues presented are: (1) Whether petitioners are entitled to a deduction under section 165(c)(3) on account of a loss due to theft and, if so, the amount thereof and (2) whether petitioners are entitled to a casualty loss deduction under section 165(c)(3) with regard to a truck and, if so, the amount thereof. FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. Petitioners, husband and wife, resided at Brownsboro, Texas, at the time they filed their petition herein. Issue 1. Theft Loss
Various items were stolen from petitioners' residence in June of 1976. The parties agree as to what items were stolen, the original cost of each of the 31 items, the amount of petitioners' reimbursement by insurance for each item, the amount to be treated as petitioners' net reimbursement by insurance, and the amount of the loss before insurance reimbursement as to 14 of the items. At issue is the fair market value of the remaining 17 items stolen. The items in dispute, their dates of acquisition *392 and costs are as follows: Year
Description
Purchased
Cost 1. Recliner Rocker
1971 $ 269.95 2. 62 pc. Corning Centura Dinnerware
1971-1972
267.50 3. Two spanish table lamps
1971 130.00 4. Coffee table
1971 155.00 5. Pecan ashtray
1971 20.00 6. Spanish wood serving tray
1974 40.00 7. Cedar chest
1945 250.00 8. Contends of cedar chest
200.00 9. China doll
1936 200.00
10. 10 yds. upholstery material
1970 80.00
11. Corning cookware
1969-1971
125.00
12. Electric oven and grille
1975 25.00
13. Oster electric juicer
1975 52.00
14. 32 pc. set crystal stemware
1974 40.00
15. China soup tureen
1973 35.00
16. Mink dyed muskrat coat
1945 250.00
17. Japanese naval knives
1945 275.00
With regard to each item in dispute except the muskrat coat, petitioners contend that its fair market value was equal to or greater than its cost at the time of the theft. They contend that the coat was worth $ 125 at the time of the theft. Respondent maintains that the amount of the insurance recovery as to each item was its fair market value as of the date of loss. Issue 2. Casualty Loss
*393 The right front portion of petitioners' 1971 Ford Ranger pickup truck was damaged in a collision in 1976. The cost of repairing the truck, including a complete paint job, was $ 1,096.33, of which $ 912.33 was paid by petitioners' insurer and $ 184 was paid by petitioners. Petitioners' collision coverage under their automobile insurance policy had a $ 100 deductible provision. The $ 84 petitioners paid in excess of the $ 100 deductible feature was the cost of having the complete truck painted in excess of the cost of painting only the damaged right front portion of the truck. The painting of the entire truck cared for more than the damage caused by the collision. OPINION Individuals are allowed a deduction for losses not compensated for by insurance or otherwise suffered upon the damage to or destruction of nonbusiness property by reason of fire, storm, shipwreck or other casualty, or from theft, to the extent that each such loss exceeds $ 100. Sec. 165(c)(3). Petitioners suffered two such losses in 1976, and each must be reduced by the $ 100 limitation contained in section 165(c)(3). Issue 1. Theft Loss
The proper measure of a loss from the theft of goods is their *394 fair market value immediately before the theft, but not to exceed their adjusted basis. Sec. 1.165-8(c), Income Tax Regs. Petitioners have the burden of proof of value and basis. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
There is no evidence in the record to substantiate petitioner Glenn T. Atwell's statements about the value of the items in question. Upon all the evidence, it is our conclusion that petitioners are not entitled to the claimed deduction of loss by theft in an amount in excess of that determined by respondent and conceded in this proceeding. See Seymour v. Commissioner, 14 T.C. 1111, 1119 (1950). Issue 2. Casualty Loss
The proper measure of a casualty loss is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not to exceed its adjusted basis. See Helvering v. Owens, 305 U.S. 468 (1939); sec. 1.165-7(b)(1), Income Tax Regs. Here, there is no evidence of the truck's fair market value at the critical times. Section 1.165-7(a)(2)(ii), Income Tax Regs., provides, *395 nevertheless, that the cost of repairs to the damaged property is acceptable as evidence of the loss of value if: (1) the repairs are necessary to restore the property to its condition immediately before the casualty, (2) the amount spent for such repairs is not excessive, (3) the repairs do not care for more than the damage suffered, and (4) the value of the property after the repairs does not as a result of the repairs exceed its value immediately before the casualty. Lamphere v. Commissioner, 70 T.C. 391 (1978). Here it is clear that, regardless of meeting the other three conditions to the application of section 1.165-7(a)(2)(ii), Income Tax Regs., the painting of the entire truck cared for more than the damage suffered to the truck in the collision. Accordingly, the cost of repairs is not acceptable as evidence of the loss of value and respondent must prevail on this issue. As the result of certain concessions made by respondent in respect of Issue 1, above, a recomputation of the deficiency appears to be necessary. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.