DONALD G. AND MERTIE L. ROBB, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robb v. Commissioner
Docket No. 1537-82
United States Tax Court
T.C. Memo 1982-687; 1982 Tax Ct. Memo LEXIS 52; 45 T.C.M. (CCH) 218; T.C.M. (RIA) 82687; November 29, 1982. Donald G. Robb, pro se. Byron Calderon, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *53 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1979 in the amount of $2,548. The parties have reached agreement on several of the issues. The remaining issue before the Court is whether petitioners are entitled to deduct the cost of a van ($9,465) as a medical expense within the meaning of section 213. FINDINGS OF FACT Some of the facts were stipulated and they are found accordingly. Petitioners resided in Denver, Colorado at the time they filed the petition herein. In 1975 petitioner Mertie L. Robb was involved in a work accident causing severe injuries to her back and to the sciatic nerve. She also suffers from a neurogenic bladder as a result of her back injuries making necessary the frequent use of restroom facilities. She is able to walk but can remain standing or sitting for only short periods of time. As a result of her physical handicaps she encountered difficulties in using ordinary vehicles for transportation. Upon advice from the doctors petitioners in 1979 purchased a Toyota Chinook van equipped with a bed, toilet, sink and refrigerator for $9,465. They *54 claimed a deduction of the entire amount on their 1979 Federal income tax return as a medical expense. Respondent disallowed the deduction in full. OPINION Petitioners have the burden of proving that the cost of the Toyota van was an expense incurred for "medical care" within the meaning of section 213. The term "medical care" means amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body." Section 213(e)(1)(A). The regulations provide that "[d]eductions for expenditures for medical care allowable under section 213 will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness." Section 1.213-1(e)(1)(ii), Income Tax Regs. The regulations further state that an expenditure which otherwise qualifies as a medical expense will not be disqualified merely because it is a capital expenditure. The test for qualification as a medical expense is whether such capital expenditure was incurred for the "primary purpose" of medical care. Section 1.213-1(e)(1)(iii), Income Tax Regs.
The record does not establish that the *55 van provided any therapeutic effect for Mrs. Robb's physical condition. It is not enough to show that transportation in ordinary vehicles was "uncomfortable and irritating." It appears that Mrs. Robb's doctors recommended the acquisition of a vehicle such as the van with its various facilities. Again, such recommendations were apparently based upon consideration of her comfort and convenience and there is nothing to suggest that the use of the van would be therapeutical in nature. Moreover, it is clear that the mere fact that a doctor recommended the expense does not make it a deductible medical expense. Volwiler v. Commissioner,57 T.C. 367, 370 (1971). In Seymour v. Commissioner,14 T.C. 1111, 1117 (1950) this Court said: "Not every expenditure prescribed by a physician is to be catalogued under this term [medical care], nor is every expense that may be incurred for the physical comfort of a party a medical expense * * *". While the van may have been used for transportation to public pools where Mrs. Robb was able to exercise and for visits to doctors, [3] the record simply does not establish that this was the primary purpose for the purchase *56 of the van. The van was admittedly used for local personal transportation and for extended vacations in the United States and Canada. We must conclude, on the basis of the entire record, that the petitioners have failed to show that the van was acquired primarily for medical purposes and hence the cost of the vehicle does not qualify as a medical expense under the provisions of section 213. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioners on their 1979 tax return have claimed a separate medical expense deduction for the cost of transportation.↩