JOSEPH A. AND MARY J. CULMO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Culmo v. Commissioner
Docket No. 7981-90
United States Tax Court
T.C. Memo 1991-441; 1991 Tax Ct. Memo LEXIS 490; 62 T.C.M. (CCH) 678; T.C.M. (RIA) 91441; September 9, 1991, Filed *490 Decision will be entered under Rule 155. Joseph A. Culmo, pro se. Charles A. Baer, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioners' Federal income tax for 1986 in the amount of $ 1,208 and additions to tax under section 6653(a)(1)(A) and (B). The parties have reached agreement with respect to several of the issues which will be given effect in the Rule 155 computation. The remaining issues before the Court are whether expenditures incurred in 1986 by petitioner Joseph A. Culmo are currently deductible or must be capitalized and whether petitioner is liable for the additions to tax due to negligence. Some of the facts were stipulated and are so found. Petitioners were *491 residents of Bradenton, Florida, at the time the petition herein was filed. In 1986 petitioner was engaged in sales activities. On Schedule C of his 1986 return he describes his business activity as the wholesale sale of food supplements. Due to the deterioration of his health, petitioner found it necessary to conduct his sales and product presentation activities at his residence. To provide office space for such relocated activities, petitioner enclosed his existing carport and installed a door in the new structure. Petitioner incurred construction costs in 1986 in the amount of $ 3,771.70. Section 263 provides the general rule that no deduction shall be allowed for any amounts paid out for new buildings, permanent improvements, or betterments made to increase the value of the property. Here, the carport which was converted into an enclosed structure clearly constituted a permanent or a continuing betterment to the house. It is evident that the improvement had a life beyond the taxable year, and there is no contention that it did not add to the value of the property. Consequently, it follows that the costs of the improvements fall squarely within the provisions of section *492 263 and constitute nondeductible capital expenditures. Paxman v. Commissioner, 50 T.C. 567 (1968), affd. 414 F.2d 265 (10th Cir. 1969). We so conclude. Petitioner also argues, in the alternative, that the cost of the improvement is deductible as a medical expense deduction in 1986 under the provisions of section 213. Petitioner testified that "I came down with what I thought was a kidney infection" and that, as a result, he was compelled to carry on his business activities at his home. The converted carport provided the space that he would require for his business. On these facts, petitioner contends that the cost of converting the carport qualifies as a medical expense. We cannot agree. Section 213(a) provides a deduction for payments made during the year for "medical care," defined in subsection (d) as amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body." The payment for which a deduction is claimed must be for goods and services directly or proximately related to the diagnosis, cure, mitigation, treatment, or prevention of the disease *493 or illness. Jacobs v. Commissioner, 62 T.C. 813, 818 (1974). An incidental benefit is not enough. Havey v. Commissioner, 12 T.C. 409, 413 (1949). The regulations state that an expenditure which qualifies as a medical expense will not be disqualified merely because it is a capital expenditure. Sec. 1.213-1(e)(1)(iii), Income Tax Regs. The test for qualification as a medical expense is whether such capital expenditure was incurred for the "primary purpose" of medical cure. If so, the expenditure may qualify as a medical expense to the extent that the expenditure exceeds the increase in the value of the related property. Here, we do not believe that the capital expenditure here involved was incurred for the primary purpose of medical care within the meaning of the statute. The capital improvement was not proximately related to the mitigation, treatment, or cure of petitioner's kidney problem. Nor was it designed to achieve that purpose. The converted carport simply permitted petitioner to continue his business activities as circumscribed by his health problem. At most, the converted carport provided comfort and convenience. Not every *494 expense that may be incurred for the physical comfort of a party is a medical expense. Seymour v. Commissioner, 14 T.C. 1111, 1117 (1950). There is nothing to suggest that it provided any therapeutic effect for petitioner's physical condition. On this record, we must conclude that the expenditure for the capital improvement in 1986 is not deductible as a medical expense under section 213. Respondent is sustained on this issue. Respondent also determined additions to tax under section 6653(a)(1)(A) and (B) due to petitioner's negligence and disregard of rules and regulations. The record shows that respondent has made significant concessions with respect to several of the adjustments made in petitioner's Schedule C expenses. We have considered the entire record and conclude that petitioners are not liable for the additions to tax under section 6653(a)(1)(A) and (B). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩