T.C. Memo. 1996-200

UNITED STATES TAX COURT

FRANK A. WALTER AND JOANN R. WALTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11519-94.                    Filed April 24, 1996.

Frank A. Walter, pro se.

<u>Gerald W. Douglas</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency in petitioners' Federal income tax for 1991 in the amount of $10,902.

The sole issue for decision is whether petitioners are entitled for 1991 to a nonbusiness bad debt deduction under

section 166(d)(1)(B)[1] for punitive damages that were awarded to,
but not collected by, petitioner Frank A. Walter during that
year?[2]  We hold that they are not.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners resided in Yachats, Oregon, at the time the
petition was filed.  Petitioners used the cash method of account-
ing for Federal income tax purposes and filed a joint Federal
income tax return for 1991 (1991 return).

On February 27, 1991, petitioner Frank A. Walter[3] instituted
a civil lawsuit in the Superior Court of California for the
county of Sacramento against an individual named Jeffrey Erkel
(Mr. Erkel) alleging fraud in connection with the handling of a
real estate project in which petitioners had invested $10,000.

On June 19, 1991, a default judgment was entered against Mr.

---

[1]  All section references are to the Internal Revenue Code in
effect for the year at issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

[2]  In the notice of deficiency, respondent disallowed the $50,000
with respect to the punitive damages at issue that petitioners
claimed in their 1991 Federal income tax return as a loss that
reduced their gross income.  As a result of the foregoing adjust-
ment, respondent determined that petitioners' Social Security
income for that year was understated.  Petitioners do not dispute
that if respondent's determination disallowing their claimed
$50,000 loss were to be sustained, respondent's determination
relating to their Social Security income for 1991 would be
correct.

[3]  References to petitioner in the singular are to petitioner
Frank A. Walter.

Erkel and in favor of petitioner. Under the terms of that default judgment, petitioner was to recover from Mr. Erkel general damages (general damages) in the amount of $20,200 and punitive damages (punitive damages) in the amount of $50,000.

Petitioner did not at any time recover from Mr. Erkel any portion of the general damages award, nor did he recover any portion of the punitive damages award.

In their 1991 return, petitioners reduced their gross income in the amount of $50,000 by claiming a loss attributable to the punitive damages that were awarded to, but not collected by, petitioner during that year. Petitioners did not include in their gross income for 1991 any portion of the $20,200 general damages award or any portion of the $50,000 punitive damages award.

In the notice of deficiency, respondent disallowed the $50,000 loss that was claimed by petitioners in their 1991 return on the following grounds: (1) Petitioners did not include any portion of the $50,000 punitive damages award in their gross income for Federal income tax purposes, and (2) petitioners failed to establish that that award became worthless during 1991.

## OPINION

Petitioners bear the burden of proving that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are strictly a matter of

legislative grace, and petitioners bear the burden of proving that they are entitled to any deduction claimed.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

As we understand petitioners' position, they contend that (1) the $50,000 punitive damages award constituted a nonbusiness debt owed to petitioner by Mr. Erkel, (2) that debt became worthless during 1991, and (3) they are therefore entitled to a $50,000 nonbusiness bad debt deduction for 1991.  Respondent does not dispute that the $50,000 punitive damages award constituted a debt owed to petitioner by Mr. Erkel within the meaning of section 166.  However, respondent contends that petitioners are not entitled under section 166 to a deduction for 1991 with respect to that debt because (1) they failed to establish that the punitive damages award became a worthless debt during 1991 within the meaning of that section, (2) they did not include any portion of the punitive damages award in their gross income for Federal income tax purposes, and (3) they failed to establish that they had any basis in the punitive damages award.[4]

---

[4]  Respondent notes on brief that it is not clear to her whether petitioners are also taking the position that they are entitled to a $50,000 deduction for 1991 under the general loss provisions of sec. 165(a) for the punitive damages award at issue.  Consequently, respondent also contends on brief that if petitioners were advancing any such position, it would be unsupported and must be rejected.  While we do not agree with respondent that petitioners also are relying on sec. 165(a) in this case, we do agree with respondent that any such position would be without merit.

Section 166(a) generally allows a deduction for any debt that becomes wholly or partially worthless within the taxable year. Section 166(d)(1)(A) provides that section 166(a) shall not apply to any nonbusiness debt of a noncorporate taxpayer. Section 166(d)(1)(B) provides that, where a nonbusiness debt of a noncorporate taxpayer becomes worthless within a taxable year, the loss resulting from the worthlessness of such debt shall be considered a loss from the sale or exchange during the taxable year of a capital asset held for not more than one year. For purposes of section 166, the basis for determining the amount of the deduction for any bad debt is the adjusted basis of the debt as prescribed by section 1011 for purposes of determining the loss from the sale or other disposition of property. See sec. 166(b); sec. 1.166-1(d)(1), Income Tax Regs.

In deciding whether petitioners are entitled for 1991 to a nonbusiness bad debt deduction under section 166(d)(1)(B) for the $50,000 punitive damages that were awarded to, but not collected by, petitioner during that year, we need not, and do not, decide whether that award constituted a valid debt owed to petitioner by Mr. Erkel within the meaning of section 166(d)(1)(B) or whether that award became a worthless debt during 1991 within the meaning of that section. That is because, assuming arguendo, as petitioners and respondent maintain, that the $50,000 punitive damages award were in fact a debt and further assuming arguendo,

as petitioners contend, that that award became worthless during 1991, petitioners nonetheless would not be entitled for 1991 to a nonbusiness bad debt deduction with respect to that award.

A taxpayer is not entitled to a deduction for a worthless debt under section 166 in connection with an income item unless it has been included in the taxpayer's gross income for Federal income tax purposes either for the year for which the deduction is claimed or for a prior year. Seymour v. Commissioner, 14 T.C. 1111, 1117 (1950); see Gertz v. Commissioner, 64 T.C. 598, 600 (1975); O'Meara v. Commissioner, 8 T.C. 622, 633 (1947); sec. 1.166-1(e), Income Tax Regs.

As petitioners concede on brief, the $50,000 punitive damages award at issue is an item of gross income.[5] See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955); sec. 1.61-14(a), Income Tax Regs. Petitioner did not at any time recover from Mr. Erkel any portion of that award. Petitioners, who use the cash method of accounting, were not required to, and did not, include in their gross income for 1991 any portion of the $50,000 punitive damages award. See sec. 451(a); sec. 1.451-

---

[5] Petitioners argue on brief that since punitive damages that are collected by a taxpayer are included in the taxpayer's gross income for Federal income tax purposes under Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955), punitive damages that are awarded to, but not collected by, the taxpayer give rise to a bad debt deduction under sec. 166. Petitioners' reliance on the Glenshaw Glass Co. case is misplaced. That case does not in any way indicate that uncollected punitive damages give rise to a bad debt deduction under sec. 166.

1(a), Income Tax Regs.  Nor does the record indicate that petitioners included that award in their gross income for any other year.[6]  Therefore, petitioners are not entitled for 1991 to a nonbusiness bad debt deduction under section 166(d)(1)(B) with respect to the punitive damages that were awarded to, but not collected by, petitioner during that year.  Accordingly, respondent's determinations are sustained.[7]

To reflect the foregoing,

Decision will be entered

for respondent.

---

[6]  Consequently, petitioners did not have any basis in the punitive damages at issue.  "[T]he process of establishing a basis for an income item consists, in effect, of reporting it in the taxpayer's gross income for tax purposes."  O'Meara v. Commissioner, 8 T.C. 622, 633 (1947).

[7]  See supra note 2.